IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

LOCAL UNION NO. 124 IBEW PENSION )
TRUST FUND, et al., )
)
Plaintiffs, )
v. )     **No. 4:18-cv-00221-BCW**
)
LAN-TEL COMMUNICATIONS SERVICES, INC., )
)
Defendant. )

## MEMORANDUM IN SUPPORT
## OF
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

John J. Westerhaus, MO Bar No. 65266
ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:    816-421-5788
Facsimile:    816-471-5574

**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. iii

**EXHIBIT LIST** ................................................................................................................. iv

**GLOSSARY OF ABBREVIATIONS** ................................................................................ v

**STATEMENT OF UNCONTROVERTED MATERIAL FACTS ("SUMF")** ............ vi

**NATURE OF CASE AND PROCEDURAL ANALYSIS** ............................................. 1

**ARGUMENT AND AUTHORITIES** ............................................................................. 4

I.      **The Standard for Granting Plaintiffs' Motion for Summary Judgment** ............... 4

II.     **The evidence is uncontroverted that Lan-Tel failed to withhold supplemental dues or properly pay the employee benefit plan contributions required by the CBAs on behalf of its electrical employees.** ............................................................................. 5

     *A. Plaintiffs have met the statutory requirements for bringing this action.* ..................... 5

     *B. Lan-Tel stipulated to the CBA requiring accurate and timely payment of employee benefit plan contributions to Plaintiffs and is bound by its terms.* .............................. 7

     *C. Lan-Tel's electrical employees performed work covered by the CBAs which required contributions to Plaintiffs.* ............................................................................................ 8

     *D. Lan-Tel has not (and cannot) rebut Plaintiff's claims.* ................................................ 9

III.    **Lan-Tel is liable to the Plaintiffs for unpaid supplemental dues, employee benefit plan contributions, liquidated damages, interest, audit costs, attorney's fees and other costs.** ............................................................................................................................ 10

     *A. Unpaid Supplemental Dues.* ..................................................................................... 10

     *B. Unpaid Employee Benefit Plan Contributions and associated damages.* ................... 10

     *C. Late Payments of Employee Benefit Plan Contributions and associated damages.* ........ .................................................................................................................................. 13

     **CONCLUSION** ......................................................................................................... 13

# **TABLE OF AUTHORITIES**

## **Cases**

*Abdul-Waali v. Restart, Inc.,* 2011 WL 5599257 (W.D.Mo. 2011) ....................................... 4, 5, 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 4

*BAC Local Union 15 Pension Fund v. Lonnie Crowell Masonry, Inc.,* No, 02-74-HFS, 2002 WL 31761565 (W.D. Mo. Nov. 25, 2002) ........................................................................................ 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................. 4

*Cent. States v. Indep. Fruit and Produce Co.*, 919 F.2d 1343 (8th Cir. 1990) ............................ 6

*Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847 (8th Cir. 2005) ....................................... 4

*Donovan v. Carls Drug Co.*, 703 F.2d 650 (2nd Cir. 1983) ........................................................... 9

*Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545 (5th Cir. 1985) ......................................................... 9

*Greater St. Louis Const. Laborers Welfare Fund v. Don Richardson Concrete Co.*, 775 F. Supp. 1249 (E.D. Mo. 1991) ....................................................................................................................... 7

*In re Yates*, 429 B.R. 675, 680 (Bank.E.Mo. 2010) ...................................................................... 5

*Katekaru v. Egan*, No. 4:13-cv-349-DGK, 2015 WL 4727412 (W.D. Mo. Aug. 10, 2015) ......... 4

*Laborers Health and Welfare Trust Fund v. Advanced Lightweight Conc.*, 484 U.S. 539 (1988) 6

*Luick v. Graybar Elec. Co.* 473 F.2d 1360 (8th Cir. 1973) ................................................... 4, 5, 9

*Midwest Operating Engineers v. Dredge*, 147 F.Supp.3d 724 (N.D. Ill. 2015) ........................... 6

*Orrand v. Scassa Asphalt, Inc.,* 794 F.3d 556 (6th Cir. 2015) ...................................................... 6

*Trustees of Minn. Ceramic Tile & Allied Trades Ret. Fund v. Legacy Tile & Marble, Inc.*, No. Civ. 06-2965, 2008 WL 624120 (D.Minn. Mar. 4, 2008) ........................................................... 7

*U.S. v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987) ........................................................................ 9

## **Statutes**

29 U.S.C. § 1002 (ERISA § 2) ....................................................................................................... 2

29 U.S.C. § 1002 (ERISA § 3) ....................................................................................................... 6

29 U.S.C. § 1002(4) (ERISA § 3(4)) ............................................................................................. 2

29 U.S.C. § 1132 (ERISA § 502) ........................................................................................... passim

29 U.S.C. § 1132(h) (ERISA § 502(h)) ......................................................................................... x

29 U.S.C. § 1145 (ERISA § 515) ......................................................................................... 1, 5, 6, 9

29 U.S.C. § 152(5) (NLRA § 2(5)) ....................................................................................... x, 2, 5

29 U.S.C. § 185 (LMRA § 301) ............................................................................................ 1, 2, 5

29 U.S.C. § 186 (LMRA § 302) ................................................................................................. 2, 6

## **Rules**

Fed. R. Civ. P. 26 .......................................................................................................................... 9

Fed. R. Civ. P. 56 .......................................................................................................................... 4

Fed. R. Civ. P. 56(c)(1) ................................................................................................................. 4

# EXHIBIT LIST

A. Plaintiffs' First Request for Admissions to Defendant ("First RFA")

B. *Letter of Assent-A* executed by Lan-Tel on May 9, 2011

C. *Missouri Voice, Data, Video/Security Agreement/Effective 3/1/10*

D. *Missouri Voice, Data, Video/Security Agreement Addendum for Local Union No. 124, IBEW and Kansas City Chapter, NECA/Effective 5/30/11 – 5/31/2013*

E. *Missouri Voice, Data, Video/Security Agreement Addendum for Local Union No. 124, IBEW and Kansas City Chapter, NECA/Effective 9/1/13 – 8/28/16*

F. *Missouri Voice, Data, Video/Security Agreement Addendum for Local Union No. 124, IBEW and Kansas City Chapter, NECA/Effective 12/26/16 –11/27/2019*

G. Affidavit of Amy Rote ("*Rote Aff.*")

    1. Audit of Lan-Tel for the period July 1, 2014 through June 30, 2018

H. Affidavit of John Fennesy ("*Fennesy Aff.*")

I. Affidavit of Kenneth C. Borden ("*Borden Aff.*")

J. Affidavit of John J. Westerhaus ("*Westerhaus Aff.*")

    1. Attorneys Fees Court Exhibit

K. Affidavit of Kevin Smith ("*Smith Aff.*")

    1. *Discussion and Resolution for Minutes – Liquidated Damages and Interest Assessments* for the Plaintiff Funds

# GLOSSARY OF ABBREVIATIONS

- **Association:** Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc.

- **Audit Period:** The time period from July 1, 2014 through June 30, 2018.

- **CBA:** Collective Bargaining Agreement.

- **ERISA:** Employee Retirement Income Security Act of 1974.

- **LMRA:** The Labor Management Relations Act.

- **Lan-Tel:** Defendant Lan-Tel Communications Services, Inc.

- **Plaintiffs:**

    *Plaintiff Funds:*
    - **Annuity/401(K):** Local Union No. 124 I.B.E.W. - N.E.C.A. Annuity and 401(k) Trust Fund.
    - **LMCC:** Labor Management Cooperation Trust.
    - **NEBF:** National Electrical Benefit Fund.
    - **Pension Fund:** Local Union No. 124 I.B.E.W. Pension Trust Fund.
    - **Training Fund:** Electrical Joint Apprenticeship and Training Trust Fund.
    - **Vacation Fund:** Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund.
    - **Welfare Fund:** I.B.E.W. Local Union No. 124 Health & Welfare Fund.

    *Plaintiff Union:*
    - **Union:** International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| LOCAL UNION NO. 124 IBEW PENSION<br>TRUST FUND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **No. 4:18-cv-00221-BCW** |
| | ) | |
| LAN-TEL COMMUNICATIONS SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS ("SUMF")

### A. *Plaintiffs' Right to Bring Action*

1.   This action arises under and jurisdiction is founded on Section 502 and Section 515 of ERISA, 29 U.S.C. § 1132 and 29 U.S.C. § 1145, and under Section 301 of the LMRA, as amended, 29 U.S.C. §185. Complaint, Count I, ¶1, Count VII, ¶1; Exhibit "I" – Affidavit of Kenneth C. Borden ("*Borden Aff.,*") ¶35; *Exhibit "J" – Affidavit in Support of Attorney's Fees ("*Westerhaus Aff.*"), ¶3.

2.   Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Plaintiff Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Pension Fund. Complaint, Count I, ¶2; Exhibit "H" – Affidavit of John Fennesy ("*Fennesy Aff.,*") ¶2; *Borden Aff.*. ¶2.

3.   The Pension Fund is a trust fund existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002. Complaint, Count I, ¶2; *Fennesy Aff.*, ¶3; *Borden Aff.*, ¶3.

4.   The Pension Fund was established on January 7, 1965, pursuant to the CBA entered into between the Association and the Plaintiff Union, and the Trust Agreement establishing the

Pension Fund was amended and revised effective June 1, 1993. Complaint, Count I, ¶3; *Fennesy Aff.*, ¶4; *Borden Aff.*, ¶4.

5.      Plaintiffs, Kenneth Cooper and Dennis Quebe are duly appointed and acting Trustees of the Plaintiff NEBF who are authorized to maintain this action on behalf of the NEBF and all the Trustees of the NEBF. Complaint, Count II, ¶1; *Borden Aff.*, ¶5-6.

6.      The NEBF is a trust fund existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002. Complaint, Count II, ¶1; *Borden Aff.*, ¶7.

7.      The NEBF was established September 3, 1946 pursuant to the CBA between the National Electrical Contractors Association and the International Brotherhood of Electrical Workers; the Trust Agreement establishing the NEBF was amended and restated effective January 1, 2010. Complaint, Count II, ¶2; *Borden Aff.*, ¶8.

8.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of Plaintiff Annuity and 401(k) Fund who authorized to maintain this action on behalf of the Annuity and 401(k) Fund and all the Trustees of the Annuity and 401(k) Fund. Complaint, Count III, ¶1; *Fennesy Aff.*, ¶12; *Borden Aff.*, ¶12.

9.      The Annuity and 401(k) Fund is a trust fund existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002. Complaint, Count III, ¶1; *Fennesy Aff.*, ¶13; *Borden Aff.*, ¶13.

10.      The Annuity and 401(k) Fund was established on December 15, 1987, pursuant to the CBA entered into between the Association and the Plaintiff Union; the Trust Agreement

establishing the Annuity and 401(k) Fund was amended and revised effective June 1, 1993. Complaint, Count III, ¶2; *Fennesy Aff.*, ¶14; *Borden Aff.*, ¶14.

11. Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Plaintiff Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Welfare Fund; Complaint, Count IV, ¶1; *Fennesy Aff.*, ¶9; *Borden Aff.*, ¶9.

12. The Welfare Fund is a trust fund existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002. Complaint, Count IV, ¶1; *Fennesy Aff.*, ¶10; *Borden Aff.*, ¶10.

13. The Welfare Fund was established on July 3, 1952, pursuant to the CBA entered into between the Association and the Plaintiff Union; the Trust Agreement establishing the Welfare Fund was amended and revised effective June 1, 1993. Complaint, Count IV, ¶2; *Fennesy Aff.*, ¶11; *Borden Aff.*, ¶11.

14. Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Plaintiff Vacation Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Vacation Fund. Complaint, Count V, ¶1; *Fennesy Aff.*, ¶15; *Borden Aff.*, ¶15.

15. The Vacation Fund is a trust fund existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002. Complaint, Count V, ¶1; *Fennesy Aff.*, ¶16; *Borden Aff.*, ¶16.

16. The Vacation Fund was established on March 8, 1968 pursuant to the CBA entered into between the Association and the Plaintiff Union; the Trust Agreement establishing the

Vacation Fund was amended and revised effective June 1, 1993. Complaint, Count V, ¶2; *Fennesy Aff.*, ¶17; *Borden Aff.*, ¶17.

17. Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Plaintiff Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Training Fund. Complaint, Count VI, ¶1; *Fennesy Aff.*, ¶18; *Borden Aff.*, ¶18.

18. The Training Fund is a trust fund existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002. Complaint, Count VI, ¶1; *Fennesy Aff.*, ¶19; *Borden Aff.*, ¶19.

19. The Training Fund was established on September 6, 1956, pursuant to the CBA entered into between the Association and the Plaintiff Union; the Trust Agreement establishing the Training Fund was amended and revised effective May 10, 1994. Count VI, ¶2; *Fennesy Aff.*, ¶20; *Borden Aff.*, ¶20.

20. Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Plaintiff LMCC who are authorized to maintain this action on behalf of the LMCC and all the Trustees of the LMCC. Complaint, Count VII, ¶1; *Fennesy Aff.*, ¶21; *Borden Aff.*, ¶21.

21. The LMCC is a trust fund existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002. Complaint, Count VII, ¶1; *Fennesy Aff.*, ¶22; *Borden Aff.*, ¶22.

22. The LMCC was established on March 1, 1995, pursuant to the CBA entered into between the Association and the Plaintiff Union. Complaint, Count VII, ¶3; *Fennesy Aff.*, ¶23; *Borden Aff.*, ¶23.

23. John Fennesy is the business manager for the Plaintiff Union and is authorized to maintain this action on its behalf. *Fennesy Aff.*, ¶5.

24. Plaintiff Union is an unincorporated association comprised of and representing persons engaged in electrical work and related activities. The Union is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Complaint, Count VIII, ¶1; *Fennesy Aff.*, ¶6.

25. Plaintiffs served the Secretary of Treasury and the Secretary of Labor with copies of the Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by depositing copies of the Complaint in the United States mail, certified mail, addressed to said Secretary of Treasury and Said Secretary of Labor on or about March 21, 2018. Complaint, Count I, ¶5; *Fennesy Aff.*, ¶8; *Westerhaus Aff.*, ¶2.

### B. *Jurisdiction and Venue*

26. Plaintiff Union maintains its principal offices in Kansas City, Jackson County, Missouri, and Plaintiff's duly authorized officers and agents are engaged in representing or acting for employee members in Jackson County, Missouri, within the territorial jurisdiction of this Court. *Fennesy Aff.*, ¶7; *Lan-Tel's Answer,* ECF No. 5, Count VIII, No. 3.[1]

27. The situs of the Plaintiff Funds is the City of Kansas City, Missouri. *Smith Aff.*, ¶2.

28. Lan-Tel is a Missouri corporation doing business in the Western District of Missouri. *Lan-Tel's Answer,* ECF No. 5, Count I, No. 3; Count IX, No. 2.

---

[1] Lan-Tel's Answer (ECF No. 5) contains two "Count VII" sections. Lan-Tel's second "VII" section refers to the allegations set forth in Section VIII of Plaintiffs' Complaint (ECF No. 1), so VIII is used here.

### C. *Contribution Obligation:*

29. On May 9, 2011, Scott Niemeyer, Vice-President of Lan-Tel (a.k.a. "Lan-Tel Communication; Underground Services, Inc.") executed a *Letter of Assent-A* (Exhibit "B") which authorized the Association as Lan-Tel's collective bargaining representative and bound it to the Missouri Voice, Data, Video/Security Labor Agreement CBA "and subsequent approved labor agreements" between the Association and Plaintiff Union. *First RFA*, Nos. 1-3; *Fennesy Aff., ¶24*; *Borden Aff., ¶24*; *see also Missouri Voice, Data, Video/Security Agreement/Effective 3/1/10* (Exhibit "C"); *Missouri Voice, Data, Video/Security Agreement Addendum for Local Union No. 124, IBEW and Kansas City Chapter, NECA/Effective 5/30/11 – 5/31/2013* (Exhibit "D")*; Missouri Voice, Data, Video/Security Agreement Addendum for Local Union No. 124, IBEW and Kansas City Chapter, NECA/Effective 9/1/13 – 8/28/16* (Exhibit "E")*; and Missouri Voice, Data, Video/Security Agreement Addendum for Local Union No. 124, IBEW and Kansas City Chapter, NECA/Effective 12/26/16 –11/27/2019* (Exhibit "F")*.

30. From May 9, 2011 to date, Lan-Tel was and remained continuously bound to the Missouri Voice, Data, Video/Security Labor Agreement CBA and subsequent CBAs and Addendums thereto. *First RFA*, Nos. 4-8; *Fennesy Aff.*, ¶25; *Borden Aff.*, ¶25.

31. The "Lan-Tel Communication; Underground Services, Inc." listed on the May 9, 2011 contract stipulation (Exhibit "B") is a name used by defendant Lan-Tel, a for-profit Missouri business formed on September 28, 1999 and registered with the Missouri Secretary of State under Charter No. 00474702. *First RFA*, No. 3.

32. Lan-Tel agreed, under the terms of the CBAs and addendums identified above, to withhold supplemental dues from electrical employees' wages on behalf of Plaintiff Union and to

timely and accurately pay and contribute to Plaintiff Funds various sums per hour for each electrical employee performing work covered under said CBAs and addendums. *First RFA,* No. 11; *Fennesy Aff.*, ¶26; *Borden Aff.*, ¶26.

33. Lan-Tel employed electricians during the Audit Period (July 1, 2014 to June 30, 2018) who performed work covered by the CBAs and addendums identified above, and on whose behalf supplemental dues and employee benefit contributions are due and owing to Plaintiffs. *First RFA*, Nos. 9-10, 17-20; *Fennesy Aff.*, ¶27; *Borden Aff.*, ¶27; *see also First RFA,* Nos. 21-173 (for individual electrical employees listed in the audit detail); Exhibit "G" – Affidavit of Amy Rote in Support of Unpaid Fringe Benefit Contributions and Audit Costs ("*Rote Aff.*") ¶4; Exhibit "1" to *Rote Aff.* (Lan-Tel Audit).

34. Lan-Tel failed to properly withhold all supplemental dues and pay all employee benefit plan contributions due and owing to Plaintiffs on behalf of Lan-Tel's electrical employees during the Audit Period. *First RFA,* Nos. 17-20; *Rote Aff.*, ¶5; Exhibit "1" to Rote Aff; *see also Fennesy Aff.*, ¶29; *Borden Aff.*, ¶29.

35. Lan-Tel agreed, under the terms of the CBAs and addendums identified above and the trust agreements to which Lan-Tel became bound, to pay liquidated damages and interest on any employee benefit plan contribution payments made later than the time required to said Plaintiff Funds. *First RFA*, Nos. 12, 19 (liquidated damages), 20 (interest); Exhibit "C", §6.02(a)-(c), (j); Exhibit "D", §6.02(c); Exhibit "E", 6.02(c); Exhibit "F", §6.02(c); *see also Fennesy Aff.*, ¶31; *Borden Aff.*, ¶31; Exhibit "K", Affidavit of Kevin Smith ("*Smith Aff.*"), ¶6; Exhibit "1" to *Smith Aff.* (*Discussion and Resolution for Minutes – Liquidated Damages and Interest Assessments* for the Plaintiff Funds.

36. Pursuant to the terms of the CBAs and addendums identified above and the trust agreements to which Lan-Tel became bound, Lan-Tel is obligated to Plaintiffs for costs incurred by Plaintiffs in collection of the any unpaid employee benefit plan contributions found to be due and owing. *First RFA*, No. 13; *Fennesy Aff.*, ¶32; *Borden Aff.*, ¶32.

37. Pursuant to the terms of the CBAs and addendums identified above and the trust agreements to which Lan-Tel became bound, Lan-Tel is obligated to Plaintiffs for liquidated damages and interest accrued on any unpaid employee benefit plan contributions found to be due and owing, beginning from the time when payment of the unpaid contributions first became due. *First RFA*, Nos. 14, 19 (liquidated damages), 20 (interest); *Rote Aff.*, ¶8; Exhibit "1" to Rote Aff; *Fennesy Aff.*, ¶33; *Borden Aff.*, ¶33.

38. Pursuant to the terms of the CBAs and addendums identified above and the trust agreements to which Lan-Tel was bound, Lan-Tel is obligated to Plaintiff Funds for attorneys' fees incurred by Plaintiffs in collection of unpaid employee benefit plan contributions found to be due and owing. *First RFA,* No. 15; *Fennesy Aff.*, ¶34; *Borden Aff.*, ¶34.

### *D. <u>Audit Findings</u>*

39. The Trustees of the Plaintiff Funds authorized Construction Benefits Audit Corporation to audit Lan-Tel's books and records for the time period of July 1, 2014 to June 30, 2018 to determine whether Lan-Tel properly withheld all supplemental dues owed the Plaintiff Union and properly paid all employee benefit plan contributions owed on behalf of its electrical workers, and to calculate the liquidated damages and interest owed on any unpaid amounts, if any. *Fennesy Aff.*, ¶28; *Borden Aff.*, ¶28.

40. Construction Benefits Audit Corporation prepared an audit of the unpaid contributions, liquidated damages and interest due during the Audit Period, which consists of an *Audit*

*Comments* summary sheet and *Variances by Man* spreadsheet. *Rote Aff.*, ¶2; Exhibit "1" to *Rote Aff.*

41.     As of the date of the audit report dated October 12, 2018, Lan-Tel was liable for unpaid employee benefit plan contributions due to electrical employees under the CBAs to which it was a party in the amount of $205,971.28 (excludes Local 124 Dues and "Adm. Maint. Fund"). *Rote Aff.*, ¶7; Exhibit "1" to *Rote Aff.*

42.     Review of the payroll records of Lan-Tel reveal that it failed to pay fringe benefit contributions to the Plaintiff Funds on behalf of electrical employees in the amounts as follows (excludes Local 124 Dues and "Adm. Maint. Fund"):

| | |
|---|---|
| National Electrical Benefit Fund (NEBF) | $8,104.40 |
| Apprenticeship & Training Fund | $4,574.01 |
| Health & Welfare Fund | $63,997.45 |
| Annuity Fund | $48,941.97 |
| Pension Fund | $50,103.98 |
| Vacation and Holiday Fund | $26,819.78 |
| 401(k) Fund | $2,146.52 |
| Labor Management Cooperation Trust (LMCC) | $1,283.17 |
| **TOTAL:** | **$205,971.28** |

*Rote Aff.*, ¶7; Exhibit "1" to *Rote Aff.*

*43.*    As of the date of the audit report dated October 12, 2018, Lan-Tel was liable for unpaid union dues ("Local 124 dues") due to Plaintiff Union on behalf of its electrical employees under the CBAs to which it was a party in the amount of $19,600.38. *Rote Aff.*, ¶6; Exhibit "1" to *Rote Aff.*

### E. *Liquidated Damages and Interest*

44. The CBAs, Trust Agreements, and Resolutions of the Board of Trustees of the Plaintiff Funds provide for imposition of liquidated damages and interest for late paid or unpaid contributions. *First RFA* Nos. 12, 14; *Fennesy Aff.* ¶31; Borden Aff., ¶31.

45. Lan-Tel agreed under the terms of the CBAs and trust agreements to which it was bound to pay liquidated damages and interest on late paid or unpaid employee benefit plan contributions to the Plaintiff Funds. *See Fennesy Aff.* ¶31; *Borden Aff.* ¶31; *First RFA*, Nos. 12, 14; *see also* Nos. 19 (liquidated damages) and 20 (interest).

46. The Plaintiff Funds' Administrative Office maintains records of employee benefit plan contribution payments made by contributing employers on behalf of the Plaintiff Funds; review of these records shows that Lan-Tel has made late payments of employee benefit plan contributions to Plaintiff Funds as follows:

| Work Month | Contribution Amount | Date Due | Date Received | LD % | LD $ |
|---|---|---|---|---|---|
| 3/1/2016 | $10,585.66 | 4/15/2016 | 6/6/2016 | 5% | $529.28 |
| 4/1/2016 | $13,133.47 | 5/15/2016 | 6/6/2016 | 5% | $656.67 |
| 5/1/2016 | $19,071.38 | 6/15/2016 | 7/25/2016 | 5% | $953.57 |
| 6/1/2016 | $20,138.23 | 7/15/2016 | 8/2/2016 | 5% | $1,006.91 |
| 7/1/2016 | $29,381.50 | 8/15/2016 | 10/5/2016 | 5% | $1,469.08 |
| 8/1/2016 | $24,667.21 | 9/15/2016 | 10/11/2016 | 5% | $1,233.36 |
| 9/1/2016 | $23,516.83 | 10/15/2016 | 12/2/2016 | 5% | $1,175.84 |
| 10/1/2016 | $14,394.79 | 11/15/2016 | 12/2/2016 | 5% | $719.74 |
| 11/1/2016 | $15,561.16 | 12/15/2016 | 12/19/2016 | 5% | $778.06 |
| 12/1/2016 | $19,299.45 | 1/15/2017 | 1/23/2017 | 5% | $964.97 |
| 1/1/2017 | $16,534.28 | 2/15/2017 | 4/15/2017 | 5% | $826.71 |
| 2/1/2017 | $19,808.51 | 3/15/2017 | 5/3/2017 | 5% | $990.43 |
| 3/1/2017 | $29,431.75 | 4/15/2017 | 5/3/2017 | 5% | $1,471.59 |
| 4/1/2017 | $33,803.06 | 5/15/2017 | 6/12/2017 | 5% | $1,690.15 |
| 5/1/2017 | $63,560.08 | 6/15/2017 | 8/3/2017 | 5% | $3,178.00 |
| 6/1/2017 | $66,104.80 | 7/15/2017 | 8/28/2017 | 5% | $3,305.24 |
| 7/1/2017 | $65,786.75 | 8/15/2017 | 9/11/2017 | 5% | $3,289.34 |
| 8/1/2017 | $58,941.55 | 9/15/2017 | 9/26/2017 | 5% | $2,947.08 |
| 9/1/2017 | $39,142.94 | 10/15/2017 | 10/19/2017 | 5% | $1,957.15 |
| 10/1/2017 | $30,340.94 | 11/15/2017 | 11/27/2017 | 5% | $1,517.05 |

| | | | | | |
|---|---|---|---|---|---|
| 11/1/2017 | $30,887.17 | 12/15/2017 | 1/5/2018 | 5% | $1,544.36 |
| 12/1/2017 | $30,238.02 | 1/15/2018 | 1/31/2018 | 5% | $1,511.90 |
| 1/1/2018 | $28,637.66 | 2/15/2018 | 2/20/2018 | 5% | $1,431.88 |
| 3/1/2018 | $38,319.91 | 4/15/2018 | 4/20/2018 | 5% | $1,916.00 |
| 5/1/2018 | $26,161.70 | 6/15/2018 | 6/20/2018 | 5% | $1,308.09 |
| 12/1/2018 | $22,006.58 | 1/15/2019 | 1/18/2019 | 5% | $1,100.33 |
| **TOTALS:** | **$789,455.38** | | | **5%** | **$39, 472.77** |

*Smith Aff.*, ¶6.

47. Lan-Tel is liable to Plaintiff Funds for liquidated damages in the amount of $39,472.77 on its late payments of employee benefit plan contributions to Plaintiff Funds as follows:

| | |
|---|---|
| Apprenticeship & Training Fund | $ 1,380.56 |
| Health & Welfare Fund | $ 20,404.05 |
| Annuity Fund | $ 6,453.23 |
| Pension Fund | $ 5,756.50 |
| Vacation and Holiday Fund | $ 4,039.37 |
| 401(k) Fund | $ 1,010.52 |
| Labor Management Cooperation Trust (LMCC) | $ 428.54 |
| **TOTAL:** | **$ 39,472.77** |

*Smith Aff.*, ¶7.

48. Lan-Tel is liable to Plaintiff Funds for liquidated damages in the amount of $10,298.60 and interest in the amount of $16,529.07 on the unpaid employee benefit plan contributions as follows (excludes Local 124 Dues and "Adm. Maint. Fund"):

| | **Liquidated Damages** | **Interest** |
|---|---|---|
| National Electrical Benefit Fund (NEBF) | $405.22 | $706.89 |
| Apprenticeship & Training Fund | $228.71 | $367.55 |
| Health & Welfare Fund | $3,199.88 | $5,136.28 |

{00373879;IBEW17-135;JJW }

| | | |
|---|---|---|
| Annuity Fund | $2,447.10 | $3,926.38 |
| Pension Fund | $2,505.21 | $4,207.50 |
| Vacation and Holiday Fund | $1,340.99 | $1,961.12 |
| 401(k) Fund | $107.33 | $123.68 |
| Labor Management Cooperation Trust (LMCC) | $64.16 | $99.67 |
| **TOTAL:** | **$10,298.60** | **$16,529.07** |

*Rote Aff.*, ¶¶9-10; Exhibit "1" to *Rote Aff.*

### F. *Audit Costs*

49. The CBAs, Trust Agreements, and Resolutions of the Board of Trustees of the Plaintiff Funds provide that an employer is responsible for audit charges incurred as a result of late paid or unpaid contributions. *First RFA* No. 13; *Fennesy Aff.* ¶30; *Borden Aff.*, ¶30.

50. Lan-Tel agreed under the terms of the CBAs and trust agreements to which it was bound to pay audit costs incurred by the Plaintiff Funds. *First RFA* No. 13; *Fennesy Aff.* ¶30; *Borden Aff.*, ¶30.

51. Lan-Tel is liable to Plaintiff Funds for $37,126.25 in audit costs. *Rote Aff.* ¶¶11-12.

52. Lan-Tel is liable to Plaintiff Funds for audit costs as follows:

| | |
|---|---|
| National Electrical Benefit Fund (NEBF) | $ 1,460.82 |
| Apprenticeship & Training Fund | $ 824.46 |
| Health & Welfare Fund | $ 11,535.52 |
| Annuity Fund | $ 8,821.77 |
| Pension Fund | $ 9,031.22 |
| Vacation and Holiday Fund | $ 4,834.26 |
| 401(k) Fund | $ 386.91 |

| | |
|---|---|
| Labor Management Cooperation Trust (LMCC) | $    231.29 |
| **TOTAL:** | **$ 37,126.25** |

*Rote Aff.*, ¶12.

## G.  *Attorney's Fees and Costs*

53.    Pursuant to the CBAs and trust agreements to which Lan-Tel is bound, Lan-Tel is liable to the Plaintiff Funds for attorney's fees and costs incurred in collection of the unpaid contributions. (See RFA Nos. 15, 16; *Fennesy Aff.* ¶34; *Borden Aff.*, ¶34.

54.    Lan-Tel agreed under the terms of the CBAs and trust agreements to which it was bound to pay attorney's fees and costs incurred by the Plaintiff Funds for collection of unpaid contributions. (See RFA Nos. 15-16; *Fennesy Aff.,* ¶34; *Borden Aff.,* ¶34.

55.    Lan-Tel is liable to Plaintiff Funds for $23,998.10 in attorney's fees and costs. *Westerhaus Aff.*, ¶¶4-5.

56.    Lan-Tel is liable to Plaintiff Funds for attorney's fees as follows:

| | |
|---|---|
| National Electrical Benefit Fund (NEBF) | $   1,199.91 |
| Apprenticeship & Training Fund | $      719.94 |
| Health & Welfare Fund | $ 10,079.20 |
| Annuity Fund | $   2,399.81 |
| Pension Fund | $   4,079.68 |
| Vacation and Holiday Fund | $   2,879.77 |
| 401(k) Fund | $   2,399.81 |
| Labor Management Cooperation Trust (LMCC) | $      239.98 |
| **TOTAL:** | **$23,998.10** |

*Westerhaus Aff.*, ¶5; Exhibit "1" to *Westerhaus Aff.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LOCAL UNION NO. 124 IBEW PENSION TRUST FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **No. 4:18-cv-00221-BCW** |
| LAN-TEL COMMUNICATIONS SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

COME NOW Plaintiff International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO ("Plaintiff Union") and Plaintiffs Local Union No. 124 I.B.E.W. Pension Trust Fund, National Electrical Benefit Fund, Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund, I.B.E.W. Local Union No. 124 Health and Welfare Fund, Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund, Electrical Joint Apprenticeship and Training Trust Fund, and Labor Management Cooperation Trust ("Plaintiff Funds") (collectively, "Plaintiffs"), by and through their attorneys of record, and in support of their Motion for Summary Judgment against Defendant, Lan-Tel Communications Services, Inc. ("Lan-Tel"), state:

**NATURE OF CASE AND PROCEDURAL ANALYSIS**

Plaintiffs bring this action to collect unpaid supplemental dues owed to Plaintiff Union, and unpaid employee benefit plan contributions found to be due and owing to Plaintiff Funds from Lan-Tel, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and all associated and applicable damages incurred in the collection thereof. (Statement of Undisputed Material Facts ("SUMF"), ¶¶1, 34-38).

Plaintiff Union is an unincorporated association comprised of and representing persons engaged in electrical work and related activities. Plaintiff Union is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4). (SUMF, ¶24). Plaintiff Funds are trust funds existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and are employee benefit plans within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002. The Plaintiff Trustees of the respective trust funds are the duly appointed and acting Trustees of the respective Funds. (*See* SUMF, ¶¶2-4 (Pension), 5-7 (NEBF), 8-10 (Annuity/401(K), 11-13 (Welfare), 14-16 (Vacation), 17-19 (Training), and 20-22 (LMCC).

Plaintiffs seek, among other things, the unpaid supplemental dues withheld from wages by Lan-Tel and the unpaid employee benefit plan contributions due and owing Plaintiffs on behalf of Lan-Tel's electrical employees, in accordance with the collective bargaining agreements ("CBAs") in effect between Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. ("Association") and the Union, and by the Amended Agreements and Declarations of Trust of each of the Plaintiff Funds. As set forth in more detail below, an independent audit of Lan-Tel's books and records from the time period **July 1, 2014 to June 30, 2018** (the "Audit Period") revealed that Lan-Tel had failed to properly pay (a) all supplemental dues withheld from the wages of its electrical employees and (b) all employee benefit plan contributions due on behalf of its electrical employees during the Audit Period. (*See generally* SUMF, ¶¶33-34, 39-43). Plaintiff Funds' records also show that Lan-Tel has failed to timely remit

and pay the employee benefit plan contributions due on behalf of its electrical employees. (*See* SUMF, ¶44-47).

Plaintiffs filed[2] a Complaint on March 21, 2018 (ECF No. 1) and served Lan-Tel with a copy of the Complaint on March 29, 2018 (ECF No. 3).[3] Lan-Tel filed its answer on April 19, 2018 (ECF No. 5). Plaintiffs and Lan-Tel agreed to a scheduling order (ECF No. 12) and Plaintiffs began discovery.[4] Plaintiffs served written discovery requests upon Lan-Tel, including Plaintiffs' First Request for Production of Documents to Defendant ("First RFP", *see* ECF No. 9),[5] Plaintiffs' Second Request for Production of Documents to Defendant ("Second RFP", *see* ECF No. 14)[6], and Plaintiffs' First Request for Admissions to Defendant ("First RFA", attached hereto as Exhibit "A"; *see also* ECF No. 13).

Plaintiffs served Lan-Tel with the First RFA on December 3, 2018. Lan-Tel's responses to the First RFA were originally due on January 3, 2019, though that deadline was extended *twice* through mutual consent (*see* ECF Nos. 15-18). The Court's most recent deadline for Lan-Tel's responses to the First RFA was January 15, 2019 (ECF No. 18). However, as of the date of the

---

[2] Venue is proper. Plaintiffs filed suit in the Western District of Missouri, as Plaintiffs are located in the District and Lan-Tel performed the work that is the subject of this dispute in this District. *See* SUMF, ¶¶26-28.

[3] Plaintiffs also served the Secretary of the Treasury and the Secretary of Labor with copies of the complaint, as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h). (SUMF, ¶25).

[4] The pretrial discovery deadline is today, February 8, 2019. (ECF No. 12, #7).

[5] Plaintiffs served its First RFP on Lan-Tel on June 1, 2018, essentially requesting all documents required to perform an audit of Lan-Tel's books and records. Lan-Tel did not formally respond to Plaintiffs' First RFP, but submitted instead to an on-site audit of its books and records by Plaintiffs' third-party auditor.

[6] Plaintiffs served its Second RFP on Lan-Tel on December 12, 2018, which were due on January 11, 2019. However, Lan-Tel did not respond to Plaintiffs' production requests and has still not produced any of the documents requested.

filing of this motion, Lan-Tel has failed to respond *at all* to Plaintiffs' First RFA.[7] By failing to timely respond, Lan-Tel is deemed to have admitted all allegations set forth in the First RFA. Fed. R. Civ. P. 36(a)(3), *see also Luick v. Graybar Elec. Co.* 473 F.2d 1360, 1362 (8th Cir. 1973)*, Abdul-Waali v. Restart, Inc.,* 2011 WL 5599257 (W.D.Mo. 2011). This matter is therefore ripe for adjudication via the instant motion for summary judgment as there are no disputed issues of material fact, and is within the dispositive motion deadline of February 22, 2019 set forth in this Court's scheduling order (ECF No. 12).

## ARGUMENT AND AUTHORITIES

### I.     The Standard for Granting Plaintiffs' Motion for Summary Judgment

The Court may grant summary judgment to a party moving for same only if there is no genuine dispute as to material fact and if the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). Plaintiffs have the burden of showing that there is no genuine dispute as to the material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 Sup. Ct. 2548 (1986). The moving party must support their assertions either by citing to particular parts of materials in the record or showing that the non-moving party cannot produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1). When the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 Sup. Ct. 2505 (1986). Whether a fact is material hinges on the substantive law at issue. *Katekaru v. Egan*, No. 4:13-cv-349-DGK, 2015 WL 4727412 (W.D. Mo. Aug. 10, 2015). As explained below, the uncontroverted facts, as applied to the substantive law

---

[7] In addition to failing to respond to Plaintiffs' discovery requests, Lan-Tel has initiated no discovery of its own, has not produced any initial Rule 26 disclosures, has not identified any experts, and has not designated any witnesses. *Westerhaus Aff.,* ¶6.

governing this action, demonstrate that Plaintiffs are entitled to summary judgment regarding Lan-Tel's liability to the Plaintiffs.

On December 3, 2018, Plaintiffs served Plaintiffs' First Request for Admissions to Defendant ("First RFA") on Lan-Tel. The responses to the First RFA were due on January 15, 2019 after a response deadline extension. *See* ECF No. 18. As stated above, Lan-Tel has failed to respond to Plaintiffs First RFA. The Federal Rules of Civil Procedure provide that that if a party makes a request for admissions and the other party does not respond within thirty days, then the matters at issue shall be deemed admitted. Fed. R. Civ. P. 36(a)(3); *see also Luick v. Graybar Elec. Co.* 473 F.2d 1360, 1362 (8th Cir. 1973)*, Abdul-Waali v. Restart, Inc.,* Civ. No. 10-0567, 2011 WL 5599257 (W.D.Mo. Nov. 11, 2011); *In re Yates*, 429 B.R. 675, 680 (Bank.E.Mo. 2010).

## II. The evidence is uncontroverted that Lan-Tel failed to withhold supplemental dues or properly pay the employee benefit plan contributions required by the CBAs on behalf of its electrical employees.

### A. Plaintiffs have met the statutory requirements for bringing this action.

Plaintiffs bring this action to collect unpaid supplemental dues owed to Plaintiff Union, and late and unpaid employee benefit plan contributions due and owing to Plaintiff Funds from Lan-Tel, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. §185, as well as all damages and costs associated with collecting these unpaid or late paid amounts. (SUMF, ¶¶1, 34-38).

Plaintiff Union is an unincorporated association comprised of and representing persons engaged in electrical work and related activities. The Union is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a). (SUMF, ¶24). Section 301 of the LMRA permits labor

organizations to bring suits for "violation of contracts between an employer and a labor organization," including a CBA. Lan-Tel is a signatory employer to Plaintiff Union's CBAs (SUMF, ¶29) and has violated the provisions of those CBAs (SUMF, ¶34), so Plaintiff Union has satisfied the statutory requirements for bringing this action under Section 301 of the LMRA.

Plaintiff Funds are trust funds existing and established pursuant to Section 302 of the LMRA, 29 U.S.C. §186, and are employee benefit plans within the meaning of Section 3 of ERISA, 29 U.S.C. §1002. Plaintiff Funds' cause of action is based upon Section 502 and Section 515 of ERISA, 29 U.S.C. § 1132 and 29 U.S.C. § 1145, which obligates employers making contributions to a multiemployer plan under the terms of a CBA to make such contributions in accordance with the terms and conditions of the CBA and each Plan. (SUMF, ¶1-22). Lan-Tel has failed to properly pay contributions in accordance with the CBA and each Plan, so Plaintiffs have satisfied the statutory requirements under ERISA §515, 29 U.S.C. §1145 for bringing this action. (SUMF, ¶34).

Congress added Section 515 to ERISA to "simplify actions to collect delinquent contributions, avoid costly litigation, and enhance actuarial planning necessary to the administration of multi-employer pension plans." *BAC Local Union 15 Pension Fund v. Lonnie Crowell Masonry, Inc.,* No, 02-74-HFS, 2002 WL 31761565 (W.D. Mo. Nov. 25, 2002); *Cent. States v. Indep. Fruit and Produce Co.*, 919 F.2d 1343, 1348 (8th Cir. 1990). Courts have consistently held that ERISA §515 strengthens the position of multi-employer plans by holding employers and unions to the literal terms of their written commitments. *See Laborers Health and Welfare Trust Fund v. Advanced Lightweight Conc.*, 484 U.S. 539, 108 S.Ct. 930, 98 L.Ed.2d 936 (1988); *Orrand v. Scassa Asphalt, Inc.,* 794 F.3d 556, 562 (6th Cir. 2015); *Midwest Operating Engineers v. Dredge*, 147 F.Supp.3d 724, 741 (N.D. Ill. 2015).

B.   Lan-Tel stipulated to the CBA requiring accurate and timely payment of employee benefit plan contributions to Plaintiffs and is bound by its terms.

It is undisputed that Lan-Tel executed a stipulation binding it to CBAs requiring withhold supplemental dues from electrical employees' wages on behalf of Plaintiff Union and requiring proper and timely payment of employee benefit plan contributions to Plaintiff Funds. (SUMF, ¶¶29-32). Lan-Tel was also bound to successor CBA agreements requiring these same sums to be paid to Plaintiffs in accordance thereto. (SUMF, ¶29; *see also Greater St. Louis Const. Laborers Welfare Fund v. Don Richardson Concrete Co.*, 775 F. Supp. 1249, 1253 (E.D. Mo. 1991)).

Lan-Tel executed a *Letter of Assent* (Exhibit "A") on May 9, 2011, which authorized the Association as its collective bargaining representative and bound it to the Missouri Voice, Data, Video/Security CBA (Exhibit "B") then in effect "and any subsequent approved" CBAs between the Association and Plaintiff Union. (Exhibits "C" – "E") (SUMF, ¶29). From May 9, 2011 to date, Lan-Tel was and remained continuously bound to the Missouri Voice, Data, Video/Security CBA and subsequent CBAs and Addendums thereto. (SUMF, ¶30). This CBA and its addendums required Lan-Tel, among other things, to pay specified hourly wages, deduct dues amounts, and make accurate and timely employee benefit plan contributions on behalf of its electrical workers performing covered work within the jurisdiction of the CBA. *See, e.g.,* (SUMF, ¶32; *see also, e.g.,* Exhibit "C", Arts. III, VI; Exhibit "D", §3.15, Art. VI.)

By the terms of the written agreements to which Lan-Tel agreed, Lan-Tel is obligated to Plaintiff Union for supplemental dues withheld from the wages of its electrical employees, and obligated to Plaintiff Funds for employee fringe benefit contributions owed on behalf of its electrical employees. (SUMF, ¶32; *see also Trustees of Minn. Ceramic Tile & Allied Trades Ret. Fund v. Legacy Tile & Marble, Inc.*, No. Civ. 06-2965, 2008 WL 624120, at 6 (D.Minn. Mar. 4, 2008) ("When an employer agrees to make contributions to fringe benefit funds pursuant to a CBA,

the terms of that CBA define the employer's obligation to make those payments.") Lan-Tel's failure to comply with the CBA or the Trust Agreements of the various Plaintiff Funds is a breach of the CBA, and has resulted in the present action to recover the owed sums and other damages, including liquidated damages, interest, costs, and attorney's fees. (SUMF, ¶¶ 33-38; Exhibit "C", Art. VI(n); *see also* Exhibit "D", §6.02(c),(e)-(f)).

     C.     <u>Lan-Tel's electrical employees performed work covered by the CBAs which required contributions to Plaintiffs.</u>

Electrical work is covered by the subject CBAs and electrical employees of Lan-Tel were employed under the terms of the CBA where Lan-Tel agreed, among other things, to pay and contribute to Plaintiff Funds various sums per hour for each electrical employee covered by and subject to said agreement during the Audit Period (July 1, 2014 through June 30, 2018). (SUMF, ¶33). Lan-Tel's electrical employees performed work covered by the subject CBA during the Audit Period, but an independent audit of Lan-Tel's books and financial records revealed that Lan-Tel failed to remit to Plaintiff Union the supplemental dues withheld from electrical employees' wages, and had also failed to pay employee fringe benefit contributions to Plaintiff Funds due on behalf of said employees. (SUMF, ¶¶33, 39-43). Lan-Tel cannot dispute that its electrical employees regularly perform covered work, as it has regularly remitted contributions to the Plaintiff Funds during the Audit Period. (*See* SUMF, ¶46).

Lan-Tel's electrical employees clearly performed work covered by the subject CBA and failed to make the required payments to Plaintiffs on behalf of its employees for such work during the Audit Period. Therefore, pursuant to ERISA §515, 29 U.S.C. §1145, Lan-Tel is liable to the Plaintiffs for the amounts of the supplemental dues and the delinquent contributions.

D.    Lan-Tel has not (and cannot) rebut Plaintiff's claims.

Lan-Tel did not respond to Plaintiffs requests for admission within the deadline provided by Fed. R. Civ. P. 36(a)(3) or this Court's grant of time extensions for same. By failing to timely respond, Lan-Tel is deemed to have admitted all allegations set forth in Plaintiffs First RFA (Exhibit "A"), *see Luick v. Graybar Elec. Co.* 473 F.2d 1360, 1362 (8th Cir. 1973) (summary judgment may be based on an admitted matter); *Abdul-Waali v. Restart, Inc.,* 2011 WL 5599257 (W.D.Mo. 2011); *see also U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545 (5th Cir. 1985); *Donovan v. Carls Drug Co.*, 703 F.2d 650 (2nd Cir. 1983). Plaintiffs have supplemented the admissions with exhibits, including affidavits, in support of their claims. *See U.S. v. Kasuboski*, 834 F.2d at 1350. Meanwhile, Lan-Tel did not allege any affirmative defenses in its Answer (ECF No. 5), has not produced any documents or responses to Plaintiffs' discovery requests or pursuant to Fed. R. Civ. P. 26, has not designated any experts, and has not otherwise engaged or participated in discovery, which has now closed. Finally, Lan-Tel cannot dispute the validity of the CBA, its obligations thereunder, or the nature of its electrical employees' work, as Lan-Tel has regularly remitted employee benefit contributions to the Plaintiff Funds on behalf of its electrical employees during the Audit Period, albeit incorrectly calculated and several months after the due date specified in the CBAs. (SUMF, ¶46).

As a result of the foregoing, Lan-Tel cannot meaningfully rebut Plaintiffs' claims, which were properly stated and grounded in Section 502 and Section 515 of ERISA, 29 U.S.C. § 1132 and 29 U.S.C. § 1145, and under Section 301 of the LMRA, as amended, 29 U.S.C. §185. There is therefore no issue of material fact or law left to resolve regarding Lan-Tel's liability to Plaintiffs. The only remaining issue for this Court to resolve is Plaintiffs' damages, as discussed below.

**III.** **Lan-Tel is liable to the Plaintiffs for unpaid supplemental dues, employee benefit plan contributions, liquidated damages, interest, audit costs, attorney's fees and other costs.**

    A.    <u>Unpaid Supplemental Dues.</u>

Pursuant to the CBAs to which Lan-Tel was bound, an independent audit was performed to calculate the supplemental dues withheld from the wages of Lan-Tel's electrical employees but not paid to Plaintiff Union on behalf of the employees performing work covered by such CBAs. (SUMF, ¶¶39-43). The auditor determined the amount of the unpaid dues owed to Plaintiff Union (SUMF, ¶43) and calculated that amount to equal $19,600.38. (SUMF, ¶43).

    B.    <u>Unpaid Employee Benefit Plan Contributions and associated damages.</u>

As set forth above, Lan-Tel was obligated to make contributions to the terms of the CBA in accordance with its terms. Pursuant to the CBAs, Trust Agreements, and Resolutions of the Boards of Trustees to which Lan-Tel was bound, an independent audit was performed to calculate the unpaid employee benefit contributions for the employees performing work covered by such CBAs. (SUMF, ¶¶39-43). Said audit determined that Lan-Tel had employed electricians during the Audit Period that performed work covered by the CBAs and addendums, but had failed to properly pay all employee benefit plan contributions owed thereunder to Plaintiff Funds. (SUMF, ¶¶33-34, 39-42).

Lan-Tel did not properly pay all employee benefit plan contributions owed and Plaintiff Funds brought suit under ERISA § 515, 29 U.S.C. § 1145 to enforce the terms of the CBA. Consequently, Plaintiff Funds are entitled to a mandatory award of liquidated damages and interest, as well as a mandatory award of their attorneys' fees and costs in this action pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2). *Iron Workers St. Louis District Council Annuity Trust v. United Ironworkers, Inc.*, No. 4:15-713, 2016 WL 7178747 at *3, (E.D. Mo. Dec. 9, 2016) *see*

*also Construction Industry Laborers Pension Fund v. Thummel*, 738 F. 2d 926, 931 (8th Cir. 1984).
These damages are also explicitly set forth in the CBAs, Trust Agreements, and Resolutions of the
Boards of Trustees of the Plaintiff Funds to which Lan-Tel was bound. (SUMF, ¶¶44, 47-56).

The auditor determined the amount of unpaid contributions, liquidated damages, interest
and audit costs due to the Plaintiff Funds. (SUMF, ¶¶39-45, 48-52). As illustrated by the
independent auditor's summary the contributions, interest, and liquidated damages are allocated
to the Plaintiff Funds is as follows (excludes "Adm. Maint. Fund"; *see also* SUMF ¶¶42, 48):

**NEBF**

| DELINQUENT CONTRIBUTIONS | DAMAGES | INTEREST | TOTAL |
|---|---|---|---|
| $8,104.40 | $ 405.22 | $ 706.89 | $9,216.51 |

**TRAINING FUND**

| DELINQUENT CONTRIBUTIONS | DAMAGES | INTEREST | TOTAL |
|---|---|---|---|
| $4,574.01 | $ 228.71 | $ 367.55 | $5,170.27 |

**WELFARE FUND**

| DELINQUENT CONTRIBUTIONS | DAMAGES | INTEREST | TOTAL |
|---|---|---|---|
| $63,997.45 | $3,199.88 | $5,136.28 | $72,333.61 |

**ANNUITY FUND**

| DELINQUENT CONTRIBUTIONS | DAMAGES | INTEREST | TOTAL |
|---|---|---|---|
| $48,941.97 | $2,447.10 | $3,926.38 | $55,315.45 |

**PENSION FUND**

| DELINQUENT CONTRIBUTIONS | DAMAGES | INTEREST | TOTAL |
|---|---|---|---|
| $50,103.98 | $2,505.21 | $4,207.50 | $56,816.69 |

**VACATION FUND**

| DELINQUENT CONTRIBUTIONS | DAMAGES | INTEREST | TOTAL |
|---|---|---|---|
| $26,819.78 | $1,340.99 | $1,961.12 | $30,121.89 |

**401(K) FUND**

| DELINQUENT CONTRIBUTIONS | DAMAGES | INTEREST | TOTAL |
|---|---|---|---|
| $2,146.52 | $ 107.33 | $ 123.68 | $2,377.53 |

**LMCC FUND**

| DELINQUENT CONTRIBUTIONS | DAMAGES | INTEREST | TOTAL |
|---|---|---|---|
| $ 1,283.17 | $ 64.16 | $ 99.67 | $1,447.00 |

| TOTAL DELINQUENT CONTRIBUTIONS | TOTAL DAMAGES | TOTAL INTEREST | TOTAL DUE |
|---|---|---|---|
| **$205,971.28** | **$10,298.60** | **$16,529.07** | **$252,399.33** |

{00373879;IBEW17-135;JJW }

The total amount of unpaid employee benefit plan contributions due to the Plaintiff Funds equals $205,971.28. (SUMF, ¶42). The amount of liquidated damages on the unpaid employee benefit plan contributions due to the Plaintiff Funds equals $10,298.60. (SUMF, ¶48).[8] The total amount of interest due on the unpaid employee benefit plan contributions due to the Plaintiff Funds equals $16,529.07. (SUMF, ¶48).

Plaintiff Funds incurred audit costs in the course of auditing Lan-Tel in the amount of $37,126.25. (SUMF, ¶¶49-52). Allocating those audit costs to these ERISA Funds on a pro-rata basis (*i.e.* according to the amount of delinquent contributions owed to those respective Plaintiff Funds) amounts to an allocation of such audit costs as follows (*see* SUMF, ¶52):

| | |
|---|---|
| N.E.B.F. | $ 1,460.82 |
| TRAINING FUND | $ 824.46 |
| WELFARE FUND | $ 11,535.52 |
| ANNUITY FUND | $ 8,821.77 |
| PENSION FUND | $ 9,031.22 |
| VACATION FUND | $ 4,834.26 |
| 401(K) FUND | $ 386.91 |
| LMCC FUND | $ 231.29 |
| **TOTAL** | **$ 37,126.25** |

As of the filing of this motion, the total attorney's fees and costs incurred by the Plaintiff Funds in prosecuting this case is $23,998.10. (SUMF, ¶¶53-56). Allocating those attorney's fees and costs to these ERISA Funds on a pro-rata basis (*i.e.* according to the amount of delinquent contributions owed to those respective Plaintiff Funds) amounts to an allocation of such attorney's fees and costs as follows (*see* SUMF, ¶56):

| | |
|---|---|
| N.E.B.F. | $ 1,199.91 |
| TRAINING FUND | $ 719.94 |

---

[8] Pursuant to the CBA and Resolutions of each Plaintiff Fund's Board of Trustees, the amount of liquidated damages assessed against delinquent employers for unpaid employee benefit contributions is 5%. This is significantly less than the statutory minimum of 20% permitted under Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii).

| | |
|---|---|
| WELFARE FUND | $ 10,079.20 |
| ANNUITY FUND | $ 2,399.81 |
| PENSION FUND | $ 4,079.68 |
| VACATION FUND | $ 2,879.77 |
| 401(K) FUND | $ 2,399.81 |
| LMCC FUND | $    239.98 |
| **TOTAL** | **$ 23,998.10** |

C.      Late Payments of Employee Benefit Plan Contributions and associated damages.

Pursuant to the CBAs, Trust Agreements, and Resolutions of the Boards of Trustees to which Lan-Tel was bound, Lan-Tel agreed to timely remit all employee benefit plan contributions owed on behalf of its electrical workers to Plaintiff Funds. (SUMF, ¶¶44-47). The Fund Administrator maintains records of employee benefit plan payments made by contributing employers and assesses liquidated damages against all payments made later than required by the CBAs. (SUMF, ¶46). Review of these records shows that Lan-Tel has made late payments of employee benefit plan contributions to Plaintiff Funds. (SUMF, ¶46). The Fund Office calculates the liquidated damages to be assessed against these late payments, in accordance with the CBAs, Trust Agreements, and Resolutions of the Boards of Trustees. Here, the total amount of liquidated damages owed on the late payments made to Plaintiff Funds during the Audit Period equals $39,472.77. (SUMF, ¶47-48). These damages are allocated to the Plaintiff Funds as follows:

| | |
|---|---|
| TRAINING FUND | $  1,380.56 |
| WELFARE FUND | $ 20,404.05 |
| ANNUITY FUND | $  6,453.23 |
| PENSION FUND | $  5,756.50 |
| VACATION FUND | $  4,039.37 |
| 401(K) FUND | $  1,010.52 |
| LMCC FUND | $    428.54 |
| **TOTAL** | **$ 39,472.77** |

## CONCLUSION

As the record in this case reflects, there is no dispute as to the material facts. Lan-Tel clearly executed the *Letter of Assent* binding it to various CBAs and addendums which require

contributions to the Plaintiff Funds. Further, Lan-Tel's employees were clearly performing work covered by the CBA during the relevant time period. Therefore, Lan-Tel was obligated to withhold supplemental dues from electrical employees' wages on behalf of Plaintiff Union *and* to properly and timely pay employee benefit plan contributions to Plaintiff Funds on behalf of its electrical employees. An audit of Lan-Tel's books and records reveals that Lan-Tel failed to do these things in accordance with the CBAs and addendums to which they were bound. Lan-Tel cannot rebut these presumptions, as their books and records form the basis for the audit; the presumptions are further bolstered by Lan-Tel's own admissions and its failure to engage in discovery or produce any requested documents.

As a matter of law, under the authority cited above, Plaintiffs are entitled to summary judgment against Lan-Tel. Further, ERISA §515 authorizes Plaintiffs' collection of such delinquent contributions, damages, interest, costs, and attorneys' fees. *E.g. Construction Industry Laborers Pension Fund v. Thummel*, 738 F. 2d 926, 931 (8th Cir. 1984). As a result, Plaintiffs are entitled to summary judgment against Lan-Tel pursuant to Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, *supra*.

WHEREFORE, Plaintiffs pray for the Court to enter summary judgment for Plaintiffs and against Lan-Tel, pursuant to LMRA Section 301 and ERISA Sections 502 and 515 as follows:

1.      Against Lan-Tel and in favor of Plaintiff Union in the amount of **NINETEEN THOUSAND SIX HUNDRED AND 38/100 ($19,600.38) DOLLARS** as and for delinquent supplemental dues owed for the Audit Period (July 1, 2014 to June 30, 2018).

2.      Against Lan-Tel and in favor of Plaintiff Funds (Plaintiffs Local Union No. 124 I.B.E.W. Pension Trust Fund, National Electrical Benefit Fund, Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund, I.B.E.W. Local Union No. 124 Health and Welfare Fund, Local Union

No. 124 I.B.E.W. Vacation & Holiday Trust Fund, Electrical Joint Apprenticeship and Training Trust Fund, and Labor Management Cooperation Trust) in the amount of **TWO HUNDRED FIVE THOUSAND, NINE HUNDRED SEVENTY-ONE AND 28/100 ($205,971.28) DOLLARS** as and for unpaid employee benefit plan contributions owed for the Audit Period (July 1, 2014 to June 30, 2018), **TEN THOUSAND, TWO HUNDRED NINETY-EIGHT AND 60/100 ($10,298.60) DOLLARS** as and for liquidated damages assessed on the unpaid employee benefit plan contributions, **SIXTEEN THOUSAND, FIVE HUNDRED TWENTY-NINE AND 07/100 ($16,529.07) DOLLARS** as and for interest assessed on the unpaid employee benefit plan contributions, **THIRTY-SEVEN THOUSAND, ONE HUNDRED TWENTY-SIX AND 25/100 ($37,126.25) DOLLARS** as and for audit costs, **TWENTY-THREE THOUSAND, NINE HUNDRED NINETY-EIGHT AND 10/100 ($23,998.10) DOLLARS,** as and for attorney fees and court costs, and **THIRTY-NINE THOUSAND, FOUR HUNDRED SEVENTY-TWO AND 77/100 ($39,472.77) DOLLARS** as and for liquidated damages assessed on the late-paid employee benefit plan contributions.

3.  The total combined judgment for all Plaintiffs is **THREE HUNDRED FIFTY-TWO THOUSAND, NINE HUNDRED NINETY-SIX AND 45/100 ($352,996.45) DOLLARS** for Plaintiff Funds.

4.  Plaintiffs pray for any other equitable relief as this Court may deem just and proper.

Respectfully Submitted,

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

*/s/ John J. Westerhaus*
John J. Westerhaus, No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:     816-421-5788
Facsimile:      816-471-5574
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Mr. Eric Roby, MCELLIGOTT, EWAN, HALL & KIMMINAU, P.C., Attorney for Defendant Lan-Tel.

                          */s/ John J. Westerhaus*

                          John J. Westerhaus