IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LOCAL UNION NO. 124 IBEW PENSION TRUST FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:18-CV-00221-BCW ) |
| LAN-TEL COMMUNICATIONS SERVICES, INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiffs' Motion for Summary Judgment. (Doc. #19). Defendant did not file any opposition to the motion. The Court, being duly advised of the premises, finds there exists no genuine issue of material fact and Plaintiffs are entitled to judgment as a matter of law. Plaintiff International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO ("Plaintiff Union") and Plaintiffs Local Union No. 124 I.B.E.W. Pension Trust Fund, National Electrical Benefit Fund, Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, I.B.E.W. Local Union No. 124 Health and Welfare Fund, Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, Electrical Joint Apprenticeship and Training Trust Fund, and Labor Management Cooperation Trust ("Plaintiff Funds") (collectively, "Plaintiffs") filed a complaint against Defendant, Lan-Tel Communications Services, Inc., ("Lan-Tel") under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. Plaintiffs seek summary judgment on the issue of Lan-Tel's liability for unpaid dues, employee benefit plan contributions, liquidated damages, interest, costs, and attorney's fees based on Lan-Tel's alleged failure to make all employee fringe benefit contributions owed to the Plaintiff Funds.

1

## LEGAL STANDARD

Summary judgment is appropriate when there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant has the initial burden of showing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant makes this showing, the burden shifts to the nonmovant to set forth facts from which a rational trier of fact could find for it. Id. Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

The Court views the evidence and draws all reasonable inferences in the light most favorable to Lan-Tel, the nonmoving party. Ricci v. DeStefano, 557 U.S. 557, 586 (2009). During the course of discovery, Plaintiffs propounded Requests for Admission upon the Lan-Tel. Lan-Tel had 30 days to respond but failed to do so. These facts are therefore deemed admitted under Fed. R. Civ. P. 36(a). By failing to timely respond, Lan-Tel admitted all allegations set forth in Plaintiffs Requests for Admission. Luick v. Graybar Elec. Co., 473 F.2d 1360, 1362 (8th Cir. 1973) (summary judgment may be based on an admitted matter).

## UNCONTROVERTED FACTS[1]

Plaintiff Union is an association comprised of and representing persons engaged in electrical work and related activities, which falls within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), representing employees in an industry which affects

---

[1] Lan-Tel did not file any opposition to Plaintiffs' motion for summary judgment. Thus, all material facts set forth in the motion are deemed admitted for purposes of summary judgment. L.R. 56.1

commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and is an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4).

Plaintiff Funds are trust funds established pursuant to Section 302 of the LMRA, 29 U.S.C. § 186, and are employee benefit plans within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002. Plaintiff Funds' cause of action is based upon Section 502 and Section 515 of ERISA, 29 U.S.C. § 1132 and 29 U.S.C. § 1145. These sections require employers making contributions to a multiemployer plan under the terms of a Collective Bargaining Agreement ("CBA") to make such contributions in accordance with the terms and conditions of the CBA.

Under the CBA, Lan-Tel is required to timely contribute to Plaintiff Funds specified hourly wages, deduct dues amounts, make accurate and timely employee benefit plan contributions on behalf of its electrical workers performing work covered under the CBA. Further, Lan-Tel is also obligated to Plaintiff Union for supplemental dues withheld from the wages of its electrical employees and is obligated to Plaintiff Funds for employee fringe benefit contributions owed on behalf of its electrical employees. Lan-Tel was and is bound to the CBA and its addendums from May 9, 2011 to present.

Lan-Tel failed to comply with the terms of the CBA which define the employer's obligations. Lan-Tel's failure to make these payments led to an audit of its own records.

An audit was conducted of Lan-Tel's books and records for July 1, 2014 through June 30, 2018. The audit showed that Lan-Tel failed to pay all supplemental dues withheld from the wages of its electrical employees and all employee benefit plan contributions due on behalf of its electrical employees during the audit period.

Additionally, Lan-Tel failed to timely remit and pay the employee benefit plan contributions due on behalf of its electrical employees. The Plaintiff Funds' Administrative Office maintains records of the employee benefit contribution payments; these records show that Lan-Tel made late

3

payments – and failed to make some payments – of employee benefit plan contributions to Plaintiff Funds. An audit of Lan-Tel's records establishes how much is owed to the Plaintiffs. Further, the CBA and its addendums govern what Lan-Tel is obligated to pay as a result of its noncompliance with the CBA.

## ANALYSIS

Section 515 of ERISA obligates an employer to make multiemployer plan contributions that are required under the terms of the plan or under the terms of a collectively bargained agreement. Laborers Health & Welfare Tr. Fund for N. California v. Advanced Lightweight Concrete Co., 484 U.S. 539, 546-547 (1988).

"The liability created by § 515 may be enforced by the trustees of a plan by bringing an action in federal district court pursuant to § 502. The special remedy against employers who are delinquent in meeting their contractual obligations that is created by § 502(g)(2) includes a mandatory award of prejudgment interest plus liquidated damages in an amount at least equal to that interest, as well as attorney's fees and costs." Id. at 547.

Here, the uncontroverted facts establish that Lan-Tel entered into a CBA with Plaintiff Union. Lan-Tel subsequently failed to make contributions and at times made untimely contributions to Plaintiff Funds in violation of the terms set forth in the CBA. Therefore, Lan-Tel is liable for the following amounts under the terms set forth in the CBA.

### A. LAN-TEL IS LIABLE FOR UNPAID SUPPLEMENTAL DUES.

The CBA required withholding supplemental dues from electrical employees' wages on behalf of Plaintiff Union and required the timely payment of employee benefit plan contributions into Plaintiff Funds. The remedy provided by Section 515 "is limited to the collection of 'promised contributions.'" 29 U.S.C. § 1145.

4

Based on the Court's review of the record, Lan-Tel failed to properly withhold all supplemental dues and pay all employee benefit plan contributions due to its electrical employees. The total amount of unpaid supplemental dues owed is $19,600.38.

**B. LAN-TEL IS LIABLE FOR UNTIMELY PAID AND UNPAID EMPLOYEE BENEFIT PLAN CONTRIBUTIONS.**

Under the CBA, Trust Agreements, and Resolutions of the Board of Trustees of the Plaintiff Funds, Lan-Tel is responsible for the liquidated damages and interest for the untimely paid or unpaid contributions. Lan-Tel agreed to pay liquidated damages and interest in late for unpaid employee benefit plan contributions.

Lan-Tel is liable to Plaintiff Funds for the total amount of unpaid employee benefit plan contributions owed for the audit period is $205,971.28, as follows: $50,103.98 to Plaintiff Local Union No. 124 I.B.E.W. Pension Trust Fund, $8,104.40 to Plaintiff National Electrical Benefit Fund, $51,088.49 to Plaintiff Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, $63,997.45 to Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund, $26,819.78 to Plaintiff Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, $4,574.01 to Plaintiff Electrical Joint Apprenticeship and Training Trust Fund, and $1,283.17 to Plaintiff Labor Management Cooperation Trust.

Also, Lan-Tel is liable to Plaintiff Funds for the liquidated damages assessed on the late payment of employee benefit plan contributions in the amount of $39,472.77, as follows: $5,756.50 to Plaintiff Local Union No. 124 I.B.E.W. Pension Trust Fund, $0.00 to Plaintiff National Electrical Benefit Fund, $7,463.75 to Plaintiff Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, $20,404.05 to Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund, $4,039.37 to Plaintiff Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, $1,380.56 to Plaintiff

Electrical Joint Apprenticeship and Training Trust Fund, and $428.54 to Plaintiff Labor Management Cooperation Trust.

Additionally, Lan-Tel is liable to Plaintiff Funds for the liquidated damages assessed on the unpaid employee benefit plan contributions in the amount of $10,298.60, as follows: $2,505.21 to Plaintiff Local Union No. 124 I.B.E.W. Pension Trust Fund, $405.22 to Plaintiff National Electrical Benefit Fund, $2,554.43 to Plaintiff Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, $3,199.88 to Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund, $1,340.99 to Plaintiff Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, $228.71 to Plaintiff Electrical Joint Apprenticeship and Training Trust Fund, and $64.16 to Plaintiff Labor Management Cooperation Trust.

Lastly, Lan-Tel is liable to Plaintiff Funds for the interest assessed on the unpaid employee benefit plan contributions in the amount of $16,529.07, as follows: $4,207.50 to Plaintiff Local Union No. 124 I.B.E.W. Pension Trust Fund, $706.89 to Plaintiff National Electrical Benefit Fund, $4,050.06 to Plaintiff Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, $5,136.28 to Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund, $1,961.12 to Plaintiff Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, $367.55 to Plaintiff Electrical Joint Apprenticeship and Training Trust Fund, and $99.67 to Plaintiff Labor Management Cooperation Trust.

### C. LAN-TEL IS LIABLE FOR AUDIT COSTS.

Under the CBA, Trust Agreements, and Resolutions of the Board of Trustees of the Plaintiff Funds, Lan-Tel is responsible for the audit costs incurred in the course of its records audit. This Court, having found that Lan-Tel is liable for the previously discussed untimely paid and unpaid contributions, assesses the audit costs against Lan-Tel. Lan-Tel is liable to Plaintiff Funds for

6

Case 4:18-cv-00221-BCW   Document 42   Filed 08/05/19   Page 6 of 10

$37,126.25 in audit costs, as follows: $9,031.22 to Plaintiff Local Union No. 124 I.B.E.W. Pension Trust Fund, $1,460.82 to Plaintiff National Electrical Benefit Fund, $9,208.68 to Plaintiff Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, $11,535.52 to Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund, $4,834.26 to Plaintiff Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, $824.46 to Plaintiff Electrical Joint Apprenticeship and Training Trust Fund, and $231.29 to Plaintiff Labor Management Cooperation Trust.

### D. LAN-TEL IS LIABLE FOR ATTORNEY'S FEES AND COSTS.

Under the CBA and Trust Agreements, Lan-Tel is responsible for the attorney's fees and costs incurred as the resulted of late paid or unpaid contributions. This Court, having found that Lan-Tel is liable to Plaintiff Funds for late paid and unpaid contributions, assesses the attorney's fees and costs against Lan-Tel in the amount of $23,998.10, as follows: $4,079.68 to Plaintiff Local Union No. 124 I.B.E.W. Pension Trust Fund, $1,199.91 to Plaintiff National Electrical Benefit Fund, $4,799.62 to Plaintiff Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, $10,079.20 to Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund, $2,879.77 to Plaintiff Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, $719.94 to Plaintiff Electrical Joint Apprenticeship and Training Trust Fund, and $239.98 to Plaintiff Labor Management Cooperation Trust.

## CONCLUSION

The Court having carefully considered the record and the motion for summary judgment, with Lan-Tel having filed no objection, finds no genuine issue of material fact remains in dispute and Plaintiffs are entitled to judgment as a matter of law. In accordance with the CBA, the amount Lan-Tel is liable to Plaintiffs totals $352,996.45 in the aggregate. Accordingly, it is hereby

ORDERED Plaintiffs' Motion for Summary Judgment (Doc. #19) is GRANTED. It is further

ORDERED that a monetary judgment be entered in favor of Plaintiffs and against Lan-Tel in the amount of **THREE HUNDRED FIFTY-TWO THOUSAND, NINE HUNDRED NINETY-SIX AND 45/100 ($352,996.45) DOLLARS** for the period **July 1, 2014 through June 30, 2018,** as follows:

A. In favor of Plaintiff, Local Union No. 124 I.B.E.W. Pension Trust Fund, and against Lan-Tel in the amount of $50,103.98 for unpaid employee benefit plan contributions, $5,756.50 for liquidated damages assessed on the late payment of employee benefit plan contributions, $2,505.21 for the liquidated damages assessed on the unpaid employee benefit plan contributions, $4,207.50 for the interest assessed on the unpaid employee benefit plan contributions, $9,031.22 for audit costs, and $4,079.68 for attorney's fees and costs, a total of **SEVENTY FIVE THOUSAND SIX HUNDRED EIGHTY-FOUR AND 09/100 ($75,684.09) DOLLARS**;

B. In favor of Plaintiff, National Electrical Benefit Fund, and against Lan-Tel in the amount of $8,104.40 for unpaid employee benefit plan contributions, $405.22 for the liquidated damages assessed on the unpaid employee benefit plan contributions, $706.89 for the interest assessed on the unpaid employee benefit plan contributions, $1,460.82 for audit costs, and $1,199.91 for attorney's fees and costs, a total of **ELEVEN THOUSAND EIGHT HUNDRED SEVENTY-SEVEN AND 24/100 ($11,877.24) DOLLARS**;

C. In favor of Plaintiff, Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, and against Lan-Tel in the amount of $51,088.49 for unpaid employee benefit plan contributions, $7,463.75 for liquidated damages assessed on the late payment of employee benefit plan contributions, $2,554.43 for the liquidated damages assessed on the unpaid employee benefit plan contributions, $4,050.06 for the interest assessed on the unpaid employee benefit plan contributions, $9,208.68 for audit costs, and $4,799.62 for

attorney's fees and costs, a total of **SEVENTY NINE THOUSAND ONE HUNDRED SIXTY-FIVE AND 03/100 ($79,165.03) DOLLARS**;

D. In favor of Plaintiff, I.B.E.W. Local Union No. 124 Health and Welfare Fund, and against Lan-Tel in the amount of $63,997.45 for unpaid employee benefit plan contributions, $20,404.05 for liquidated damages assessed on the late payment of employee benefit plan contributions, $3,199.88 for the liquidated damages assessed on the unpaid employee benefit plan contributions, $5,136.28 for the interest assessed on the unpaid employee benefit plan contributions, $11,535.52 for audit costs, and $10,079.20 for attorney's fees and costs, a total of **ONE HUNDRED FOURTEEN THOUSAND THREE HUNDRED FIFTY-TWO AND 38/100 ($114,352.38) DOLLARS**;

E. In favor of Plaintiff, Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, and against Lan-Tel in the amount of $26,819.78 for unpaid employee benefit plan contributions, $4,039.37 for liquidated damages assessed on the late payment of employee benefit plan contributions, $1,340.99 for the liquidated damages assessed on the unpaid employee benefit plan contributions, $1,961.12 for the interest assessed on the unpaid employee benefit plan contributions, $4,834.26 for audit costs, and $2,879.77 for attorney's fees and costs, a total of **FORTY ONE THOUSAND EIGHT HUNDRED SEVENTY-FIVE AND 29/100 ($41,875.29) DOLLARS**;

F. In favor of Plaintiff, Electrical Joint Apprenticeship and Training Trust Fund, and against Lan-Tel in the amount of $4,574.01 for unpaid employee benefit plan contributions, $1,380.56 for liquidated damages assessed on the late payment of employee benefit plan contributions, $228.71 for the liquidated damages assessed on the unpaid employee benefit plan contributions, $367.55 for the interest assessed on the unpaid employee

benefit plan contributions, $824.46 for audit costs, and $719.94 for attorney's fees and costs, a total of **EIGHT THOUSAND NINETY-FIVE AND 23/100 ($8,095.23) DOLLARS**;

G. In favor of Plaintiff, Labor Management Cooperation Trust, and against Lan-Tel in the amount of $1,283.17 for unpaid employee benefit plan contributions, $428.54 for liquidated damages assessed on the late payment of employee benefit plan contributions, $64.16 for the liquidated damages assessed on the unpaid employee benefit plan contributions, $99.67 for the interest assessed on the unpaid employee benefit plan contributions, $231.29 for audit costs, and $239.98 for attorney's fees and costs, a total of **TWO THOUSAND THREE HUNDRED FORTY-SIX AND 81/100 ($2,346.81) DOLLARS**; and

H. In favor of Plaintiff Union, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, and against Lan-Tel in the amount of **NINETEEN THOUSAND SIX HUNDRED AND 38/100 ($19,600.38) DOLLARS**, as and for unpaid supplemental dues.

IT IS SO ORDERED.

DATED: <u>August 5, 2019</u>  /s/ Brian C. Wimes  
JUDGE BRIAN C. WIMES  
UNITED STATES DISTRICT COURT

10

Case 4:18-cv-00221-BCW   Document 42   Filed 08/05/19   Page 10 of 10